**POHL CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 700–88T.**

United States Claims Court.

April 29, 1991.

---

Ian M. Comisky, Philadelphia, Pa., for plaintiff.

Jay G. Philpott, Jr., Washington, D.C., with whom was Asst. Atty. Gen. Shirley D. Peterson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on its own order requesting the parties to brief it on the issue of whether the court must issue an opinion when defendant, following trial, conceded that plaintiff was correct in its position and entitled to a tax refund for the full amount asserted in its complaint.

### FACTS

On May 12, 1985, the Internal Revenue Service (IRS) issued a statutory notice of deficiency to plaintiff Pohl Corporation for the 1981 calendar year. On May 30, and December 30, 1986, plaintiff paid the IRS $9,443.00 and $204,500.00 respectively, representing the full amount the IRS had assessed against plaintiff for calendar year 1981. On May, 19, 1988, plaintiff timely filed a claim for refund seeking $170,-891.00, plus interest, and additional amounts allowed by law. After the IRS failed to act on the claim within the six-month statutory period, the parties filed suit here on December 8, 1988.

The case was tried before this court on August 9 and 10, 1990. The central issue at trial revolved around the interpretation of a CDA Closing Agreement that would affect both the 1981 tax year claim, as well as claims in other tax years pending, but in suspension, we are informed, before the United States Tax Court. Several months after trial ended, defendant, on January 10, 1991, moved for suspension of proceedings in order to pursue settlement negotiations, which the court granted on January 14, 1991. On January 24, 1991, plaintiff moved for reconsideration of defendant's motion for suspension, stating that plaintiff was not aware of any settlement negotiations, and that it wanted the court to proceed and issue an opinion. On February 1, 1991, the court held a status conference during which defendant conceded plaintiff was entitled to a refund for the full amount, plus interest, it sought for the 1981 tax year, and charged that this admission deprived the court of jurisdiction to issue an opinion. Plaintiff contended that jurisdiction, once established at the outset

of the case, cannot be destroyed by subsequent events, and that the court could proceed to make findings of fact and conclusions of law. The court asked the parties to brief it on the jurisdictional issue and, on that request, the case now is before the court.

## DISCUSSION

■ Under the United States Constitution, federal courts may adjudicate only those claims involving actual cases or controversies. U.S. Const. art. III, § 2, cl. 1. Although the United States Claims Court is an entity of article I of the Constitution, 28 U.S.C. § 171 (1982), it applies the article III case or controversy requirement enforced by other federal courts. *American Maritime Transp., Inc. v. United States*, 18 Cl.Ct. 283, 290 (1989).

■ In order to satisfy the case or controversy requirement, the parties must present the issues "in an adversary context throughout the entire course of litigation." *Kominers v. United States*, 3 Cl.Ct. 684, 685 (1983) (citing *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980)). Furthermore, the issues must be "sharply presented ... in a concrete factual setting [by] self-interested parties vigorously advocating opposing positions." *Id.* When defendant conceded every issue between the parties entitling plaintiff to the full amount of its claim, the requisite "adversary context" and "opposing positions" ceased to exist. The court thinks it fundamentally clear that, with the elimination of those mandatory components, no case or controversy adjudicable before this court remained, and that were the court to proceed, it would run afoul of the prohibition of rendering advisory opinions. Although the court thinks this fully dispositive of the issue, it briefly will address plaintiff's other contentions.

■ Plaintiff argued that the parties still disagreed on the interpretation of the CDA Closing Agreement, and that the court was obligated to rule on that issue. The court disagrees. It is well established that the Claims Court is one of specific jurisdiction. *E.g., United States v. King*, 395 U.S. 1, 3, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); *Williams Int'l Corp. v. United States*, 7 Cl.Ct. 726, 730 (1985). That jurisdiction is defined by the Tucker Act, 28 U.S.C. § 1491 (1982), and includes claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." However, not every claim falling within that restriction will be cognizable in the Claims Court—plaintiff also must claim for monetary relief. *See, e.g., United States v. King*, 395 U.S. at 3–5; 89 S.Ct. at 1502–03; *Glidden Co. v. Zdanok*, 370 U.S. 530, 557, 82 S.Ct. 1459, 1476, 8 L.Ed.2d 671, *rehearing denied*, 371 U.S. 854, 83 S.Ct. 14, 9 L.Ed.2d 93 (1962); *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 372 F.2d 1002, 1007 (1967). When defendant conceded that plaintiff was entitled to the entire refund it claimed, there no longer existed a claim for monetary relief before this court. Thus, what plaintiff asks of the court is a declaratory judgment which this court cannot issue because it does not have general equitable powers. *See United States v. Testan*, 424 U.S. 392, 397–98, 96 S.Ct. 948, 952–53, 47 L.Ed.2d 114 (1976).[1] This court long has acknowledged that it must construe strictly Congress' waiver of sovereign immunity, and may not expand that waiver by implication. *International Graphics, Div. of Moore Business Forms, Inc. v. United States*, 4 Cl.Ct. 186, 192 (1983). Plaintiff acknowledged that the court's equitable powers are tied and subordinate to a claim for monetary relief, but

---

1. The Claims Court has very limited equitable powers. Under 28 U.S.C. § 1491(a)(2), in order to provide complete relief on a claim, the Claims Court has collateral equitable powers to restore a plaintiff to office or position, place in duty or retirement status, or correct applicable records. Under 28 U.S.C. § 1491(a)(3), the court's equitable jurisdiction is limited to "contract claim[s] brought before the contract is awarded." Under 28 U.S.C. § 1507, the court is granted the authority to issue declaratory judgments regarding Internal Revenue Code § 7428, dealing with the tax exempt status religious, charitable, or scientific organizations.

apparently does not believe that defendant's concession extinguished that claim. However, the court cannot find that a claim for monetary relief exists when defendant is willing to sign a check for the full amount of the claim. Even were the court to accept that defendant's concession did not extinguish entirely plaintiff's money claim, this case would not present an appropriate issue for declaratory relief as it does not fall within any of the court's narrowly circumscribed equitable powers.

■ Plaintiff additionally argued that the court must rule on the CDA Closing Agreement in order to prevent defendant from forum shopping. As noted, the Closing Agreement is applicable to plaintiff's claims for other tax years pending before the Tax Court. Plaintiff asserted that defendant conceded the tax refund claim pending before the Claims Court in order to prevent the court from ruling on the Agreement because Claims Court precedent is less favorable to defendant's position than precedent in the Tax Court. Defendant candidly has admitted that at least the latter part of that assertion is true. However, even were the court to rule on the issue, which clearly it cannot, because the interpretation of the Agreement is not necessary to the resolution of this case, such a ruling would not constitute binding precedent because unnecessary findings are not part of a decision and carry no preclusive effect. *See W.W. Windle Co. v. Commissioner*, 550 F.2d 43, 45–46 (1st Cir. 1977). Whether or not defendant's motives in conceding the 1981 tax year claim are less than sterling, a possibility this court neither endorses nor refutes, this court is without any authority, whatsoever, to force defendant to withdraw its concession so the court may issue an opinion.

Plaintiff cited several cases for the proposition that jurisdiction, once established, cannot be divested by subsequent events. *See Freeport v. McMoRan*, — U.S. —, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991); *Smith v. Sperling*, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1113 n. 1, 1 L.Ed.2d 1205 (1957); *State Farm Mut. Auto. Ins. Co. v. American Casualty Co.*, 433 F.2d 1007, 1009 (8th Cir.1970); *Dery v. Wyer*, 265 F.2d 804, 808 (2d Cir.1959). The court notes that all those cases deal with statutory jurisdictional requirements *i.e.*, diversity of citizenship, amount in controversy, ancillary jurisdiction. The court doubts that a standard developed in the context of statutory requirements can apply to defeat a constitutional mandate. But even more important, the court is convinced that the question is not whether its jurisdiction has been defeated, but whether a case remains for which jurisdiction still is an issue. The court believes the answer to the latter question is no, and points to language cited by plaintiff itself in support of that position:

> [T]he sufficiency of jurisdiction should be determined once and for all at the threshold and if found to be present then should continue until the *final disposition of the action.*

*Dery*, 265 F.2d at 808 (emphasis supplied). By eliminating all controverted money claims, defendant's concession constitutes a final disposition as there are no remaining adjudicable issues before the court.

Before concluding, the court notes for the record that the captioned case was intended to be a test case. Both parties informed the court that they expected this court's decision to provide guidance for settlement of other similar issues pending before the United States Tax Court. Plaintiff now is frustrated because it was required to expend the time and cost of trial only to have the hoped-for decision denied it by defendant's eleventh-hour capitulation. Plaintiff foresees now having to litigate all the claims pending before the Tax Court, or at the very least, selecting one of those claims and litigating it as a test case. No matter what the outcome, plaintiff believes it must litigate the issues again at the trial level. This court is not so pessimistic. The premise under which the test case was litigated was that the facts of all of the tax deficiency issues were sufficiently similar that the resolution of one case could lead to settlement of the remaining cases. If that premise is valid, plaintiff, in effect by default, has the very answer it sought just as if this court filed an opinion. If the facts

in the cases pending before the Tax Court indeed are similar, or nearly identical to those in the captioned case, and defendant should refuse to attempt to negotiate a settlement in good faith based on the facts and law it has conceded here, defendant could be guilty of contumacious behavior. It then would become patently obvious that defendant was engaged purely in forum shopping, a practice "repugnant to the integrity of the court and those persons seeking legal redress," *Thaxton v. United States*, 11 Cl.Ct. 181, 183 (1986), resulting in the "misallocation of judicial resources." *Glendale Joint Venture v. United States*, 13 Cl.Ct. 325, 327 (1987).

## CONCLUSION

For the foregoing reasons, the court finds in favor of plaintiff in the amount of $170,891.00, plus statutory interest. The Clerk of the court is directed to enter judgment accordingly. Costs to plaintiff as the prevailing party.

IT IS SO ORDERED.